UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT K HOPSTAD,<br><br>              Plaintiff,<br><br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.,<br><br>              Defendants. | CASE NO. C12-5129-RBL-JRC<br><br>ORDER TO SHOW CAUSE |

      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. Plaintiff complains that he is being held past his earned early release date (ECF No. 1 proposed complaint). Plaintiff alleges that by the time the Court addresses this action he will be close to release. He requests that he be given monetary damages for every day he was held improperly (ECF No. 1, proposed complaint page 3).

      If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine that the plaintiff is or was entitled to immediate release or a speedier

release from that imprisonment, petitioner's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff is clearly challenging the length of his incarceration. Plaintiff is ordered to show cause why this action should not be dismissed. A response is due on or before March 30, 2012. Failure to respond, or an inadequate response, will result in a Report and Recommendation that this action be dismissed without prejudice. At this time, the Court will not consider plaintiff's motion to proceed in forma pauperis (ECF No. 1).

Dated this 29th day February, 2012.

_____
J. Richard Creatura
United States Magistrate Judge