UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT K. HOPSTAD,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendant. | CASE NO. C12-5129-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: APRIL 13, 2012 |

This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4. The Court has not yet granted plaintiff in forma pauperis status. The Court entered an order to show cause after review of the complaint (ECF No. 5). Plaintiff is challenging the length of time he serves on his sentence and the granting or withholding of earned time. In response to the order to show cause plaintiff states he is not challenging his judgment and sentence but he is "challenging my time held on that sentence." (ECF No. 6).

If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Plaintiff is challenging the length of time that he is being held. This action must proceed through habeas corpus before an action for damages can be maintained. Amendment of the complaint will not cure this defect and the Court recommends that in forma pauperis status be denied and that this action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

1 | review by the district judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
2 | imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April
3 | 13, 2012, as noted in the caption.

Dated this 16th day of March, 2012.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3